HARRELL, J.,
concurring, joined by BATTAGLIA, J.
Although I concur with the outcome reached and virtually all of the reasoning contained in the Court’s opinion, I part company with the opinion’s refusal to find a violation of the Maryland Lawyers’ Rules of Professional Conduct (“MLRPC”) 4.2 (Communication with Person Represented by Counsel) on the facts of this case. See Op. at 218-22,118 A.3d at 990-91. That is not to say that the undeveloped hypothetical example relied on by the Court’s opinion might not be a valid reason not to find a violation of MLRPC 4.2, i.e., a *227 blanket prohibition on represented parties from speaking directly and in good faith to each other could be an obstacle to settlement; however, that is not the present case. Rather, this case demonstrates, in the underlying family law litigation, a party who is a lawyer (Respondent) talking directly to her lay person spouse (where both parties were represented by counsel at the time in question and the spouse’s counsel had told Respondent earlier, when she was representing herself, to cease speaking directly to his client) in circumstances where she was attempting to pull a “fast one” by attempting to induce her spouse and the parties’ counsel to execute a settlement agreement that she altered surreptitiously. This presents an all-too-real and volatile example of where a MLRPC 4.2 violation should be sustained, with due deference to the Majority opinion’s hypothecation on a higher moral plane.
I would sustain the hearing judge’s conclusion that MLRPC 4.2 was violated, based on the facts found in the present case.
Judge BATTAGLIA has authorized me to state that she joins this opinion.